## ORPHANS' COURT OF BALTI-MORE CITY.

Filed November 2, 1894.

IN THE MATTER OF THE ESTATE OF THOMAS D. ANDERSON, DECEASED.

*Randolph Barton, Jr.*, and *Herbert B. Stump* for exceptant.

*Thos. I. Elliott* for executor.

GANS, J.—

This is a case of exceptions to a sale of real estate by the executor of the will of the said Thomas D. Anderson, deceased, not because he had no authority under the will to make it, but because he acted in the capacity of executor, without the concurrence of the trustee.

In the will, two persons, James T. Anderson and Washington K. Carson were appointed both as executors and trustees.

In a codicil subsequently made by the testator the capacity of trustees in these two persons was revoked, leaving them as executors only, and devolving the same trust duties, as given in the will, upon the "Safe Deposit and Trust Company of Baltimore."

The said Carson subsequently renounced the trust reposed in him, which left the said Anderson sole executor; and the only question to be de-

cided by this Court is: Whether the sale, as made by Thomas T. Anderson, acting as executor alone while administering the estate, was a valid sale and such as can give to the purchaser, George Poole, a good and marketable title? We think, after carefully examining the facts and the law bearing upon them in the case, that there is no room for reasonable doubt in regard to the goodness of the title.

Clearly, the testator appointed by his will two sets of officers to act in the general settlement and conduct of his estate, one in the capacity of executor and the other in the capacity of trustee; and whatever the form of the appointment by the testator may be, it must be presumed that his intention was that they should act, not contrary to, but in accordance with, the plain requirements of the law by which the relationship of executors and trustees, in similar cases, is governed. This law does not make the executor and trustee to be the same. Nor does it require, in cases of this kind, that they shall act jointly and at the same time. Their right and duties under the law are consecutive and not concurrent. The whole legal title to the estate, whether the appointee be executor and trustee in the same person, or whether these capacities be in different persons, devolves first upon the executor, whose duty it is to administer the estate, and only after his duties in this capacity are ended, does the law direct him to transfer the residue, together with the legal title thereto, either to himself as trustee or to any other person separately appointed to act in this capacity; and if this is not done formally by the executor, it will be done all the same by the silent operation of law itself; and the bond of each will be held strictly liable for all actionable misconduct on the part of either, during the time in which he ought to have acted, in either capacity.

This being the strict law in all cases of this sort, it is clearly not in the power of the testator, by his will, to change or modify it; and this law remaining unchanged, it would seem to be entirely beyond dispute, that the executor, while acting strictly within his well-defined sphere, as such, was independent of the trustee, and had full power to sell the property indicated,

and give an unclouded title to the purchaser. No act or concurrence of the trustee, prior to the transfer of the legal title to him, could in any way have aided the title of the executor. On the contrary, the only effect it could have, would be to obscure and confuse it.

Nor can the fact that the property sold was real estate, interfere in the least with the authority of the executor to sell it, provided his power to do so was clearly given by the will, in regard to which no question has been raised. In view of the facts and the law applicable thereto in this case, we are clearly of the opinion that the sale made by the executor and reported to this Court, ought to be finally ratified. It is, therefore, ordered and decreed, this 2nd day of November, 1894, that the exceptions be, and the same are hereby, dismissed with costs.